F I L E D
CLERK OF COURT

2025 JUL -2 PM 5: 05

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **THOMAS J. FISHER,** | **SPECIAL PROCEEDING NO. SP0016-25** |
| **Petitioner,** | |
| vs. | |
| **JOANN G. CAMACHO,** *in her Official Capacity as the Executive Director of the 38th Guam Legislature,* | **DECISION AND ORDER RE ALTERNATIVE WRIT OF MANDATE** |
| **Respondent.** | |

This matter came before the Honorable Dana A. Gutierrez on March 4, 2025 for a Petition Hearing on Petitioner Senator Thomas J. Fisher's ("Petitioner") Ex Parte Petition for an Order to Show Cause or Alternative Writ of Mandate ("Petition"). Present was Petitioner, *pro se* and Attorney Michael F. Phillips, representing Respondent Joann G. Camacho ("Respondent"). Upon review of the pleadings, arguments and applicable Guam law, the Court issues the following Decision and Order.

## BACKGROUND

On January 8, 2025, Petitioner alleges to have sent a request for "all records and things indicating your compliance with 2 Guam Admin. R. and Reg. Chapter 10 and 2 Guam Admin. R. and Reg. § 10109" pursuant to Guam's Sunshine Reform Act of 1999 ("Sunshine Act") found at Title 5, Guam Code Annotated ("G.C.A.") § 10101 *et. seq.* Decl. Fisher at 3. Petitioner sent this request to Respondent in an email addressed to "executivedirector@guamlegislature.gov." *Id.*

Petitioner claims to have received the email address from "Joann Camacho's agency, the Guam Legislature." Petition, Ex. A. Petitioner further alleges that more than four days had passed since he sent his request, and the Respondent failed to produce the documents. *Id.* at 3.

On January 24, 2025, Petitioner sent Respondent his Notice of Intent to Sue. Resp'ts Answer, Ex. A. On January 27, 2025, Respondent sent a reply stating, "upon due search and inquiry, my office is unable to locate either electronically or a hard copy of your initial request." *Id.* at 3. In the same reply, the Respondent asked Petitioner to "provide my office with your January 8 letter and my office will respond within the time allowed under the Sunshine Act." *Id.* at 3. Respondent's letter was received by the Petitioner's office on the same day. *Id.,* Ex. A. There is no indication in the Court's record that Petitioner responded to Respondent's reply.

Instead, on January 29, 2025, Petitioner filed his Petition along with his Memorandum of Law in Support of Petition for an Order to Show Cause or Alternative Writ of Mandate ("Petitioner's Memorandum"), and Declaration of Thomas J. Fisher ("Declaration"). In the Memorandum, Petitioner alleged that he made a request for production of public, disclosable documents and Respondent failed to comply, in violation of the Sunshine Act. Pet'r's Memo. at 2. The Petitioner further alleges that he has exhausted all administrative remedies and there is no plain, speedy or adequate remedy other than his petition. *Id.* at 3. On January 30, 2025, the Court issued an Alternative Writ of Mandate based on Petitioner's Declaration and Petition, commanding Respondent to comply with the requirements of the Sunshine Act or to show cause why she need not comply.

On February 13, 2025, Respondent filed her verified Answer to Petition ("Answer") and Respondent's Memorandum of Points and Authorities in Opposition to Petition for an Order to

2

Show Cause or Peremptory Writ of Mandate. In her Answer, Respondent denied any noncompliance with the Sunshine Act. Specifically, Respondent denies the allegations "to the extent Petitioner failed to serve the required Sunshine Act request upon Ms. Camacho and, further denies these allegations to the extent there are no responsive public records or documents and therefore no documents for Petitioner to receive." Answer at 2-3. Respondent claims that the January 8, 2025 Sunshine Act request never reached her office because it was sent to the incorrect email address, and thus she never received the request. *Id.* at 4-5.

Respondent provided correspondence with her IT Support Manager, Giovanni M. Naz, indicating that she did not receive an email from Petitioner on January 8, 2025. *Id.*, Ex. C. Respondent also claims her official email account, "joann.camacho@guamlegislature.gov," was not established until January 10, 2025. *Id.*, Ex. B. Respondent further stated that she never saw Petitioner's actual request until she received the Alternative Writ of Mandate. Min. Entry at 10:44 a.m. (Mar. 4, 2025). However, Respondent stated that "[a]lthough Petitioner's Sunshine Act Request was not received by Ms. Camacho until this lawsuit, a good faith attempt to comprehend the request and resulting search of related documents or records with the Guam Legislature produced the 37[th] Guam Legislature Transition Report attached as Exhibit 'D.'" Answer at 5 and Ex. D.

In Petitioner's Reply to the Answer for an Order to Show Cause ("Reply"), filed on February 20, 2025, he only stated,

> [i]n her written response, Ms. Camacho answers by providing what she has and no more. This is all that is required. Litigious *Sturm and Drang* in answer is unnecessary and wasteful. Camacho has complied (although out of time) and, but for an award of costs, fees, and a potential fine, there is an end to it.

Reply at 1.

A hearing was held on this matter on March 4, 2025. At the hearing, Petitioner agreed that Respondent had complied with the Sunshine Act request in her Answer. *See* Min. Entry at 10:58 a.m. (Mar. 4, 2025). Petitioner maintained that the Court only needs to consider the timeliness of the compliance and whether fines, attorney's fees, or an award of court costs would be appropriate. *Id.* at 10:58 a.m. In response, Respondent argued that Petitioner failed to properly serve her with a Sunshine Act request either in the January 8, 2025 request sent by email, or through service of the Alternative Writ where Respondent first saw the actual Sunshine Act request. *See* Min. Entry at 10:38-11:44 a.m., 11:03-11:13 a.m. (Mar. 4, 2025). After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I.      Petitioner's Sunshine Act Request was Not Properly Served on Respondent

Petitioner argues that Respondent's compliance with his Sunshine Act request was untimely and therefore in violation of 5 G.C.A. § 10103(d). Before the Court considers whether the response was timely, it must first determine whether Petitioner properly served Respondent with the Sunshine Act request.

#### A.      The Sunshine Act Requires that the Respondent Actually Receive the Sunshine Act Request

Title 5 G.C.A. § 10103 of the Sunshine Act states,

(a) Every person has the right to inspect and take a copy of any public document on Guam except as otherwise expressly prohibited in law.
. . . .
(c) Except with respect to public records exempt from disclosure by express provisions of the law, each agency, upon a request for a copy of records that reasonably describes an identifiable record or records, shall make the records promptly available to any person, upon payment of fees covering direct costs of duplication, or a statutory fee, if applicable.

> (d) Each agency, upon a request for a copy of public records shall, within four (4) working days **from receipt of the request,** comply with the request if the records requested are disclosable public records in the possession of the agency.

5 G.C.A. § 10103(a), (c), and (d) (emphasis added).

"It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself. Absent clear legislative intent to the contrary, the plain meaning prevails." *Sumitomo Constr., Co., Ltd. v. Govt. of Guam*, 2001 Guam 23 ¶ 17. A plain reading of § 10103 indicates that the duty to comply with the Sunshine Act begins to toll upon the *receipt* of a Sunshine Act request. This means that no legal duty to respond arises until the agency actually receives the request.

The Guam Supreme Court has not made a ruling on what constitutes "receipt" of a Sunshine Act request; however, it has held that identical or nearly identical provisions between the federal Freedom of Information Act ("FOIA") and Guam's Sunshine Act may be used to guide the interpretation of the Sunshine Act. *See Guam Radio Services, Inc v. Guam Economic Development Authority*, 2000 Guam 23 ¶ 7 ("Because the attorney's fees provision in the federal Freedom of Information Act . . . is nearly identical to the Sunshine Act, cases concerning the federal rule provide guidance to the court.").[1]

In relevant part, the parallel language in FOIA states:

> (A) Each agency, upon any request for records [. . .] shall, (i) determine within 20 days **after receipt of any such request whether to comply** with such request and shall immediately notify the person making such a request . . . .

5 U.S.C. §552 (a)(6)(A)(i) (emphasis added).

---

[1] *Guam Radio Services, Inc v. Guam Economic Development Authority* analyzed the 1993 version of the Sunshine Act. The analysis specifically compared the attorney's fees sections of the Sunshine Act and FOIA.

Because both statutes condition the agency's duty to respond on actual "receipt" of the request, the Court may look to cases interpreting the federal statute for guidance. *See Guam Economic Development Authority*, 2000 Guam 23 ¶ 7.

In *Pinson v. U.S. Department of Justice*, the District Court of District of Columbia addressed the legal standard for when an agency is deemed to have received a FOIA request. *See Pinson v. U.S. Department of Justice*, 69 F.Supp.3d 108, 111 (D.C. Dist. Ct. 2014). In that case, the request was alleged to not have been received by an agency. The plaintiff in *Pinson* had filed three FOIA requests to the Department of Justice ("DOJ"), one of which the DOJ claimed to have never received. *Pinson*, 69 F.Supp.3d at 111. In determining whether or not the FOIA request was received, the District Court said,

> [t]he plaintiff bears the burden of demonstrating a genuine dispute as to the receipt of his FOIA request by the agency. When the agency offers a declaration stating that a search of its records failed to unearth any evidence of having received a specified FOIA request from the plaintiff, this declaration is entitled to "a presumption of good faith." In response to such a declaration, the plaintiff must provide something more than his own declaration to create a genuine issue of material fact as to the agency's receipt of the FOIA request.

*Pinson*, 69 F.Supp.3d at 114 (internal citations omitted).

The plaintiff in *Pinson* attempted to deliver his FOIA request through the institutional mailbox of his prison. *Id.* at 111. He offered no evidence to show that his request was actually received. *Id.* at 114. The court in *Pinson* made the determination that, because Pinson offered no contradictory evidence hinting at the fact that the agency actually received his request, no genuine dispute of material fact was created. *Id.* at 114-115. As a result, the D.C. District Court ruled that the agency was never in receipt of the FOIA request. *Id.* at 115.

### B.    Respondent was Never in Receipt of Petitioner's Sunshine Act Request

As in *Pinson*, Petitioner in this case has offered no evidence contradicting Respondent's claim that she did not receive his Sunshine Act request. At the March 4, 2025 hearing, Petitioner maintained that he was not alleging that the Respondent was being "deceitful," and that the only question was whether the compliance was "timely." Min. Entry at 10:58-11:00 a.m. (Mar. 4, 2025).

Respondent provided evidence in her verified Answer that Petitioner indeed sent the request to the wrong email address. *See* Answer, Ex. B, C, and E. Respondent also provided evidence of correspondence between her and her IT Team showing that her active email address is "joann.camacho@guamlegislature.gov," and not "executivedirector@guamlegislature.gov." *Id.* at Ex. B.   Additionally, she submitted evidence showing that her official email address was not created until January 10, 2025, and that no emails were received on January 8, 2025. *Id.* at Ex. C.

Since Petitioner does not allege deceit, Petitioner has not presented any evidence or argument to contest Respondent's claims that she did not receive the emails. In the absence of such a challenge, the Respondent is entitled to a presumption of good faith. *See Pinson*, 69 F.Supp.3d at 114. Therefore, Respondent was never in "receipt of the request." *See* 5 G.C.A. § 10103 (d). Accordingly, the statutory obligation to respond under the Sunshine Act was never triggered.

Where no such receipt has been shown, there is no legal obligation for an agency to respond. Thus, there is no basis for evaluating the timeliness of any response. Accordingly, the issue of whether Respondent's compliance was "timely" need not be addressed.

## II.      Petitioner's Request for Attorney's Fees, Court Costs, and Fines is Denied

Although Petitioner maintained that he did not believe Respondent was being deceitful, he still requested that the Court determine whether awarding attorney's fees, court costs, or a fine was appropriate. *See* Reply at 1. 5 G.C.A. § 10112 states,

> (a) If the Court finds that the public official's decision to refuse disclosure is not justified under this Chapter, the Court shall order the public official to pay a fine of One Thousand Dollars ($1,000.00). The fine shall be a personal expense for the responsible official and in no way shall the fine be paid by the agency or the government of Guam.
>
> . . .
>
> (d) The Court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail after initial filing of the complaint pursuant to this Section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the Court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency.

5 G.C.A. § 10112 (a) and (d).

Subsection (a) governs the imposition of fines against a public official for wrongful refusal to disclose. Such fines are only ordered where the Court finds that the public official's decision to refuse disclosure is not justified. 5 G.C.A. § 10112 (a). Here, Respondent was never in receipt of the Sunshine Act request, and therefore no duty to disclose arose. Thus, an imposition of fines is not appropriate.

Subsection (d) of the provision addresses the Court's award of court costs and attorney's fees. In *Guam Economic Development Authority*, the Court stated that, "a trial court's discretion on awarding attorney's fees under the Sunshine Act is quite broad and substantial." *Guam Economic Development Authority*, 2000 Guam 23 ¶ 9. A finding of whether court costs or attorney's fees are appropriate is contingent upon the Petitioner prevailing on his Petition. *See* 5 G.C.A. § 10112 (d) ("The Court shall award court costs and reasonable attorney fees to the plaintiff

*should the plaintiff prevail . . . .*") (emphasis added). Because the Court finds that Petitioner failed to properly serve Respondent with a Sunshine Act request, Petitioner has not prevailed in this matter. Accordingly, an award of court costs or attorney's fees is not appropriate.

In summary, the Court denies Petitioner's request for an award of court costs, attorney's fees, and the imposition of fines.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's request for attorney's fees, court costs, or fines.

**SO ORDERED** this 2nd day of July, 2025.

_____
**HONORABLE DANA A. GUTIÉRREZ**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
*PHILLIPS & BORDALLO*
*FISHER & ASSOC.*

JUL Date: Time: *5/5 pm*
*Edna M. Nego*
Deputy Clerk, Superior Court of Guam